UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.      CV 13-8976 ODW (SS)                              Date:  December 13, 2013
                                                                                              Page 1 of 3

Title:          Jeremy Jones v. R. Diaz, Warden

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS SUCCESSIVE**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                          None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On November 14, 2013, Petitioner Jeremy Jones ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  In the Petition, Petitioner challenges his 2004 conviction and sentence.  (Petition at 2).  However, Petitioner admits that he previously filed a federal habeas petition, case number C.D. Cal. CV 08-8481 ODW (MLG) ("Prior Petition"), in which he challenged the same 2004 conviction and sentence.  (Id. at 1).  On June 10, 2010, the District Judge denied the Prior Petition on the merits and dismissed the action with prejudice.  Petitioner timely appealed the judgment and on March 1, 2012, the U.S. Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 13-8976 ODW (SS)                    Date: December 13, 2013
                                                    Page 2 of 3

Title:    Jeremy Jones v. R. Diaz, Warden

1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Courts have recognized that AEDPA generally prohibits successive petitions:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law.

Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citations omitted); see also Beaty v. Schriro, 554 F.3d 780, 783 (9th Cir. 2009).

Here, the instant Petition appears to be successive because it challenges the same 2004 conviction and sentence that Petitioner challenged in the Prior Petition. See, e.g., Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that a petition was successive because it challenged "the same custody imposed by the same judgment of a state court" as a prior petition). If the instant Petition is successive, Petitioner must obtain permission from the U.S. Court of Appeals for the Ninth Circuit before the instant Petition can proceed. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Based on the Court's review of the docket, it does not appear that Petitioner has requested permission from the Ninth Circuit to file a successive petition.

Petitioner appears to contend that he qualifies for the exception to the bar on successive petitions based on "newly discovered precedent," i.e., In re Mozingo, 34 Cal. 3d 926, 196 Cal. Rptr. 212 (1983), a thirty-year old state court decision. (Petition Memo.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     CV 13-8976 ODW (SS)                              Date:  December 13, 2013
                                                                                       Page 3 of 3

Title:        Jeremy Jones v. R. Diaz, Warden

---

at 1, 14-16); see also 28 U.S.C. § 2244(b)(2)(A).  However, the Ninth Circuit has held that even if a petitioner can qualify for this exception, he must still seek permission from the Ninth Circuit before filing his petition in the district court.  See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court.").  Because Petitioner does not appear to have sought permission from the Ninth Circuit, the instant Petition appears to be barred as successive.

Petitioner is therefore **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this action should not be dismissed as successive.  Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason the instant Petition is not barred as successive.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

IT IS SO ORDERED.

---

MINUTES FORM / CIVIL-GEN                                                                 Initials of Deputy Clerk  mr